Labauve, J.
The plaintiff claims of the defendants, in solido, the sum of $7,717 49, as a balance due him as commission, by said succession, on the inventory made 12th June, 1862, and amounting to $335,711 11.
The District Court, after a hearing, allowed the plaintiff one-half of the legal commission, and he took this appeal.
The petition alleges, in substance, that on the 4th of June, 1862, the olographic will of said Vogel was duly probated, and petitioner appointed, confirmed and qualified, by taking the oath as executor of said will, with the seizure of the entire estate; that on the twelfth of same month, the property was duly inventoried and appraised, amounting to $335,711 11, after deducting the liabilities; that in his said capacity, petitioner proceeded to a settlement of said estate, hut on the 10th of August, 1864, he was compelled to leave the city temporarily, and that in order to protect the interest of said estate he appointed as executor aforesaid, T. Krattsschnitt of this city, his attorney, to represent him in such capacity; that when petitioner left the city he was duly qualified as testamentary executor aforesaid, and had acted as such, and was entitled to the commission granted by law; that on the 14th February, 1865, Charles Fitz presented a petition, alleging that the said estate, being in the course of administration, the petitioner, Grima, was no longer qualified to perform his functions, he, having not taken the oath of allegiance, was ordered out of the Department of the Gulf; that he was absent, and that it was necessary to appoint a dative testamentary executor to administer said estate; and that on the 27th of the same month, said Fitz was appointed dative testamentary executor; that said Fitz on the 4th May, 1865, presented a pretended account of his administration, in which he took no notice of petitioner’s claim for commission, and having accounted to Mrs. Yogel for the assets of the estate, he obtained his discharge and remained, and is still the agent of said Widow Yogel, still holding in his hands all the assets of said estate; that all the proceedings of said Fitz in said succession are null and void.
*82 The plaintiff annexes to his petition an account of his administration, showing a balance due him for commission of $7,717 49, which he claims in solido against the said Widow Vogel and Fitz.
The petition concludes by praying that all the proceedings of said Fitz, from the 14th February, 1865, to the 20th May of same year, the order appointing him, his pretended account, the decree homologating the same, and discharging him from any further liability, be annnlled and avoided; that petitioner be recognized as the executor of said deceased, and that the defendants be ordered to return to petitioner all the assets; that his account be homologated, and should the Court be of opinion that the proceedings of Said Fitz are regular, then he prays for judgment in solido against the defendants for $7,717 49,balance of his commission, and for his discharge from any further responsibility as executor, and for general relief, etc.
The answer contains a general denial, alleges specially that plaintiff never was executor of the will of Vogel; that a few days after the probating of the will, General Butler ordered all persons exercising functions, private or public, to take an oath of allegiance to the United States, and those refusing, were forbidden and disqualified from performing any civil functions; that both said plaintiff and the then Judge refused to take the oath; that afterwards General Butler issued another order requiring all persons to take the oath or register themselves enemies of the United States; that plaintiff refused to take the oath, and he registered himself as an enemy, and he was expelled from the Department of the Gulf; and that by these acts, he voluntarily incapacitated himself to act as executor, and letters testamentary were never issued to him, and that the estate remained without representation for several years; that even if said plaintiff was ever executor, he had long since ceased to be so when Fitz was appointed, by lapse of time.
The defendants oppose the account, and every item thereof to the credit of plaintiff, and specially the commission. At all events, commission should not be allowed on bad debts and worthless stocks.
They pray that the petition and account be dismissed, and for all other relief, etc.
The first question presented is, whether or not the plaintiff was ever fully qualified to act as executor of the last will and testament of G. C.W. Vogel.
It is admitted that the will, in which plaintiff was appointed, was duly probated, and the plaintiff confirmed and sworn as exeoutor, but that letters testamentary never were issued; hence, it is contended on the part of the defendants, that such letters must be viewed in the light of commission, authorizing the appointee to exercise his functions, and that until such issuance, he is without legal authority.
We are of opinion that an executor derives his authority from the judgment ordering the registry and execution of the will, and appointing or confirming the executor, and that the letters testamentary are merely the evidence establishing that the executor has been duly qualified to act, by judgment, by taking the oath, and by giving bond, if one was required under the law. The production of such letters dispenses the party from showing that the prerequisites of the law have been complied with; but, *83 in the absence of letters he may show the judgment, the oath of office, and the bond; in this case no bond was necessary, as the plaintiff was appointed by the will. The judgment confirming him as executor must have its effect, until it be reversed by appeal or in an action of nullity. 18 L. 352. 9B. 189.
In Hoover v. Sellers, 5 A. 181, our predecessors seem to have considered that the order appointing a tutor, his bond and oath of office, were sufficient to show the qualification of the tutor without letters of tutorship.
We are of opinion that plaintiff was duly qualified as executor, without the issuance of letters testamentary.
It appears that the plaintiff, immediately after being qualified as executor, took possession of the whole estate, and continued to administer the same personally, until the 10th of August, 1864, when he appointed as his agent to represent the estate John Kruttsehnitt, who took possession of the said estate, and retained the same until the appointment of Mr. Fitz, to whom it was delivered in the latter part of February, 1865. It appears further, that the plaintiff never took'the oath of allegiance, and was compelled to leave the city in the fall of 1864, having declared himself an enemy to the United States.
Under these circumstances, we are of opinion that the plaintiff, “by refusing to take the oath of allegiance, and going beyond the jurisdiction of the proper authority became functus officio, and lost all right to control or administer the property any further, and all claims to any commission, except on sums received or recovered by him prior to his abandonment of his trust.”
This is the language held by this Court in Succession of Thos. B. Poindexter, in regard to a curator. 19 A. p. 22.
Therefore, when Charles Fitz was appointed the office was vacant, and his appointment as dative testamentary executor was legal.
Upon, the whole, we are of opinion that the judgment appealed from has done justice between the parties, according to'law.
It is therefore ordered and decreed that the judgment be affirmed, and that the appellant pay costs of appeal.